AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| NERIO ALBERTO ORTEGA DELGADO | ) |
| | )        6:25-mj- 1546 |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 22, 2025 _____ in the county of _____ Orange _____ in the _____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Fraud and Misuse of Visas Permits, and Other Documents |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Daniel Krall, HSI
_____
*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: _____ 5/23/2025 _____

City and state: _____ Orlando, Florida _____

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

STATE OF FLORIDA                    CASE NO. 6:25-mj-1546

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Daniel Krall, first being duly sworn, do hereby depose and state the following.

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed by Homeland Security Investigations (HSI) and, as such, am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C) with the authority to obtain and execute arrest warrants as per 22 U.S.C. § 2709(a)(2). I have been a Special Agent since December of 2006. I have been assigned to the Assistant Special Agent in Charge (ASAC) Orlando office since March 2018. My official duties include, but are not limited to, conducting investigations into alleged fraudulent activity related to passports and visas in violation of 18 U.S.C. §§ 1542 through 1546, and associated crimes such as human trafficking, financial fraud, wire fraud, mail fraud, and identity theft.

2.      During my career I have received extensive training in conducting investigations into criminal violations of the laws of the United States related to U.S. passports, visas, and other travel documents used to transit international borders. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center at Glynco, Georgia. Based on my training and experience, I am familiar with federal criminal laws related to immigration offenses,

1

identification fraud, and identity theft. I have participated in numerous investigations and have participated in the execution of arrest and search warrants.

3.      The information set forth in this affidavit is based on my investigation and information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records available to law enforcement. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts and circumstances that I believe are sufficient to establish probable cause for this Court to authorize an arrest warrant for the defendant.

4.      This Affidavit supports an application for a criminal complaint for Nerio Alberto ORTEGA-DELGADO. Based on the facts set forth in this affidavit, there is probable cause to believe that ORTEGA-DELGADO committed the offense of Fraud and Misuse of Visas, Permits, and Other Documents in violation of 18 U.S.C. § 1546(a). Specifically, on or about the May 22, 2025, in the Middle District of Florida, ORTEGA-DELGADO did knowingly possess a fraudulent Colombian passport bearing his photograph and the name of Fabian Leonardo Rincon Colorado, which the defendant knew to be forged, counterfeited, altered, or falsely made, in violation of 18 U.S.C. § 1546(a).

5.      ORTEGA-DELGADO is a citizen and national of Venezuela. On October 16, 2018, ORTEGA-Delgado, his wife Kelly PARRA, and his child Natalia ORTEGA-PARRA applied to enter the United States at the San Ysidro (California)

2

Port of Entry. ORTEGA-DELGADO presented to the primary officer a Venezuelan birth certificate and passport in his true name, and stated that he was traveling to Orlando, FL. ORTEGA-DELGADO was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card or any other valid entry document required by the Immigration and Nationality Act (INA). ORTEGA-DELGADO and his family were served a Notice to Appear initiating removal proceedings under section 212(a)(7)(A)(i)(I) of the INA. On October 19, 2018, ORTEGA-DELGADO and his family were released from the Department of Homeland Security custody and enrolled in an Alternative to Detention (ATD) program with instructions to report to the Immigration and Customs Enforcement (ICE) office in Orlando, Florida.

6.      On or about January 17, 2019, the Enforcement and Removal Operations (ERO), encountered ORTEGA-DELGADO at the Osceola County jail. ORTEGA-DELGADO was provided an appointment letter (G-56) for him to report to the ICE office in Orlando, Florida. ORTEGA-DELGADO reported on February 5, 2019, to the Orlando ICE office as requested and was re-issued a Notice to Appear. The NTA issued to ORTEGA-DELGADO was filed with the Orlando Executive Office for Immigration Review (EOIR). On December 12, 2021, ORTEGA-DELGADO applied for Temporary Protected Status (TPS) with USCIS. ORTEGA-DELGADO's application for TPS is currently pending, which does not grant any legal immigration status. ORTEGA-DELGADO is not in possession of

3

any legal document that allows him to reside, remain, or stay in the United States legally.

7.      On January 17, 2019, ORTEGA was encountered at the Osceola County Jail by the Orlando Enforcement and Removal Operations (ERO) Criminal Alien Program (CAP) team after having been arrested for Battery Touch or Strike. ORTEGA-DELGADO had been arrested under his true name, Nerio Alberto ORTEGA-DELGADO.

8.      In February 2025, several sources informed HSI that ORTEGA-DELGADO is involved in bank fraud, more specifically check kiting. Sources stated ORTEGA-DELGADO purchases fraudulent passports from Venezuela and Colombia which he uses to set up shell companies and open up bank accounts in the shell company names.

9.      On May 22, 2025, at approximately 8:00 A.M., agents from HSI, ERO, and Alcohol, Tobacco and Firearms (ATF) were conducting surveillance on ORTEGA-DELGADO's residence in Kissimmee, Florida. Agents observed ORTEGA-DELGADO leaving his residence in a gray GMC Hummer EV Truck. Agents followed ORTEGA-DELGADO for a few blocks and then conducted a vehicle stop based on reasonable suspicion of alienage, while still in Kissimmee. ERO Officer Josfer Moinelo approached the driver's side of the vehicle and identified himself. Officer Moinelo asked the driver for his name, to which ORTEGA responded "Nerio Alberto ORTEGA-DELGADO." At that time, officer Moinelo asked ORTEGA-DELGADO to step out of the vehicle. Officer Moinelo

informed ORTEGA-DELGADO that he was with immigration, and that he had an administrative immigration arrest warrant (Form I-200) for him. ORTEGA-DELGADO was handcuffed and frisked for weapons. Officer Moinelo asked ORTEGA-DELGADO for consent to search his vehicle. ORTEGA-DELGADO verbally stated he consented to the search, which was witnessed by Special Agent (SA) Daniel Krall.

10.    SA Krall began to search the vehicle and discovered bank documents, numerous checks in other individuals' names, checks in corporation names, and a bank card in another individual's name. ORTEGA-DELGADO was in possession of a valid Florida Driver's license with his true name. HSI Task Force Officer (TFO) Robert Pickett discovered a compartment in the back seat that contained a fraudulent Colombian driver's license and Colombian passport, both bearing ORTEGA-DELGADO's photograph, but the name "Fabian Leonardo Rincon Colorado." TFO Pickett also discovered a Florida Department of State Division of Corporation document showing that ORTEGA-DELGADO had registered the LLC "CCP Innovations Group LLC" in the name Fabian Rincon, with ORTEGA-DELGADO's residential address. The bank documents, the fraudulent passports, and three cellular phones were seized as evidence.

11.    ORTEGA-DELGADO was transported to ERO for immigration processing. Officer Moinelo collected biographical data on ORTEGA-DELGADO. When asked for his name, ORTEGA-DELGADO again stated his name was Nerio Alberto ORTEGA-DELGADO.

5

12. In the afternoon of May 22, 2025, the United States Attorney's Office for the Middle District of Florida authorized a probable cause arrest of ORTEGA-DELGADO for violating 18 U.S.C. § 1546(a).

13. Below on the left side are the photographs of the forged, counterfeited, altered, or falsely made Colombian driver's license and passports in the name of Fabian Leonardo Rincon Colorado, with ORTEGA-DELGADO's photograph. On the top right-hand side is a Colombian identification card also bearing ORTEGA-DELGADO's photograph and the name of Fabian Leonardo Rincon Delgado. Finally, on the below right-hand corner is a Florida driver's license bearing ORTEGA Delgado's photograph and true name, Nerio Alberto ORTEGA Delgado.



14.    Based on the above, there is probable cause to believe that ORTEGA Delgado violated 18 U.S.C. § 1546(a), on May 22, 2025, by possessing a document

prescribed by statute or regulation for entry into the United States, specifically a

Colombian passport, that he knew had been forged, counterfeited, altered or falsely

made.[1]

      15.    This concludes my affidavit.

 

_____

Daniel Krall, Special Agent
Homeland Security Investigations

Affidavit submitted by email and
attested to me as true and accurate by
videoconference consistent with Fed.
R. Crim. P. 4.1 and 41(d)(3) before
me this _23____ day of May, 2025.

_____

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] A foreign passport is a "document prescribed by statute or regulation for entry into the United States" under 18 U.S.C. § 1546(a). *See United States v. Osiemi*, 980 F.2d 344, 346-48 (5th Cir. 1993); *United States v. Rahman*, 189 F.3d 88, 118-19 (2d Cir. 1999).